## Lake Ontario, Auburn and New York Railroad Company *v.* Marvine.

This court will, in the absence of any other error, affirm a judgment of the Supreme Court, ordered at general term, upon exceptions heard there in the first instance, under the stipulation of the parties, there having been no previous judgment nor direction to suspend it by the judge trying the cause.

The error being merely formal, and amendable by the court below, and the judgment not being void for want of such amendment, it is unnecessary to reverse and remit the record in order that an amendment may be made.

Appeal from the Supreme Court. The trial was before Mr. Justice T. R. Strong, a jury being waived, and several exceptions were taken, which were abandoned on the argument in this court. He decided that the plaintiff was entitled to judgment, and made no order suspending the entry thereof, or directing the exceptions to be heard in the first instance at general term. Nearly a year afterwards, an order to that effect, reciting that it was made on filing a stipulation of the attorneys for the respective parties, was entered at special term, held before another judge. The case was so heard at general term in the seventh district, and judgment was there rendered for the plaintiff.

*Nicholas Hill,* for the appellant.

*Francis Kernan,* for the respondent.

DENIO, J.   The proceedings were in conformity with the Code, down to the time of the decision of the judge before whom the case was tried without a jury.   The action was then in a situation to be reviewed upon a Case containing the evidence and the exceptions which had been taken upon the trial.  A case having been made and settled, the regular course would have been to have a formal entry of judgment, and then for the defendant to appeal from that judgment to the general term.   But the parties chose to waive that formality, and they accordingly stipulated that the case should be heard, in the first instance, at the general term, thus dispensing with the formal entry of judgment, the notice of appeal, and the security which otherwise the defendant would have been obliged to give; and upon this stipulation an order to the same effect was entered at a special term, on the direction of a justice.  The case was accordingly heard at the general term, upon the Case and Exceptions, and it was there determined, in effect, that no error had been committed on the trial, and that the plaintiffs were entitled to a judgment upon the decision of the judge.  A rule for judgment was thereupon entered, and judgment was perfected, and the defendant appealed.  It being conceded that there is no error in the matter of the exceptions, and no reason for disturbing the judgment upon the merits, the only question is, whether the departure, by consent, from the course of proceeding pointed out by the Code, presents an error which we can examine.  We can only review the actual determinations of the subordinate courts. It was not in consequence of any decision of the Supreme Court that the questions in this case were presented in the manner they were, instead of being heard upon an appeal regularly brought; but it was done pursuant to the agreement of the parties.   The Supreme Court possesses general jurisdiction, and in this case it had acquired jurisdiction over these parties in the usual and regular manner.   There have been regular pleadings, and an unexceptionable trial of

Lake Ontario, Auburn and New York R. R. Company v. Marvine.

the questions of fact, and a formal judgment carrying out the decision made upon the trial. All the questions which could be made after the trial have been heard and deter mined by the particular branch of the court to which the law has committed the determination of such questions; and, moreover, they have been determined correctly. If we reverse the judgment, it will be because, in the manner in which the case was heard at the general term, there has been a departure from the forms prescribed; but even that was by the consent of the parties. The 173d section of the Code requires the court, either before or after judgment, " in furtherance of justice, and on such terms as may be proper," to amend any proceeding by correcting a mistake " in any respect." Under this provision I have no doubt but that it is in the power of the Supreme Court to order a rule for judg- nent upon the decision of the judge to be entered, and to direct a notice of appeal from such judgment to be inserted in the judgment roll, *nunc pro tunc*: and they ought to do this if the defect of form should be made the ground of a motion by the defendants in that court. This is, however, a matter of discretion; and whether they should grant or refuse an application for that purpose, no review of the determination could be had here. The judgment is not void for the want of such amendment; and there being no error of any kind, except in matters merely formal and plainly amendable, I think we ought not to reverse the judgment, but that, on the contrary, we are bound to affirm it.

JOHNSON, Ch. J., COMSTOCK, STRONG and ALLEN, Js., concurred. The other judges were of opinion that the Supreme Court, at general term, had not become possessed of the cause so as to enable it to render a legal judgment, and that the judgment should be reversed, and the cause remitted, so that the proper amendment might be made in the court below.

Judgment affirmed.